**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL C. ROBINSON,       )   NO. CV 12-4285-SJO(E)
                          )
          Petitioner,    )
                          )
   v.                  )   ORDER OF DISMISSAL
                          )
STATE OF CALIFORNIA, ET AL.,  )
                          )
         Respondents.   )
                          )
_____)

**INTRODUCTION**

On May 17, 2012, Petitioner filed a "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651; and Motion to Vacate the Judgment Pursuant to F.R.C.P. Rule § 60(b)(3)(4)(6)" ("the Petition"). The Petition purports to challenge the validity of Petitioner's 1997 Los Angeles Superior Court conviction in Case No. PA027488.  For the reasons discussed herein, the Petition is denied and dismissed without prejudice.

///

///

**BACKGROUND**

In 2000, Petitioner filed a habeas corpus petition in this Court challenging the validity of his Los Angeles County Superior Court conviction in Case No. PA027488.  See Robinson v. Lewis, No. CV 00-6163-RSWL(E) ("the prior action").  By Judgment entered November 22, 2000, this Court dismissed the prior action on the merits and with prejudice.  In 2002, the Ninth Circuit Court of Appeals refused Petitioner authorization to file a second or successive habeas petition in the District Court.  See Ninth Circuit Order in Robinson v. Lewis, No. 02-55223, filed December 2, 2002.

**DISCUSSION**

This Court lacks jurisdiction over the present Petition, regardless of whether the Petition is construed as a coram nobis petition, a Rule 60 motion, or a habeas corpus petition.

"Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006), cert. denied, 549 U.S. 1169 (2007) (agreeing that "district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir.

1   1972), reversed on other grounds, 411 U.S. 345 (1973) ("We are unable

2   to treat this petition as one seeking coram nobis relief because [the

3   petitioner] seeks to challenge a state court proceeding in federal

4   court.  Coram nobis lies only to challenge errors occurring in the

5   same court");[1] Martinez v. Lockyer, 453 F. Supp. 2d 1150, 1151 (C.D.

6   Cal. 2006) (same); see also Rendall v. Carey, 2002 WL 1346354 *2 n.3

7   (N.D. Cal. May 31, 2002) ("the All Writs Act cannot be used as a

8   substitute for habeas corpus . . . In any event, the All Writs Act

9   empowers federal courts only to act to preserve their jurisdiction,

10  which jurisdiction must have an independent source in the law . . .")

11  (citing Jackson v. Vasquez, 1 F.3d 885, 888-89 (9th Cir. 1993)).

12

13      Coram nobis relief properly may be sought only from the court

14  whose ruling is being challenged.  See United States v. Monreal, 301

15  F.3d 1127, 1131 (9th Cir. 2002), cert. denied, 537 U.S. 1178 (2003);

16  Strang v. United States, 53 F.2d 820, 821 (5th Cir. 1931); United

17  States v. Hansen, 906 F. Supp. 688, 692 (D.D.C. 1995); see also United

18  States v. Morgan, 346 U.S. 502, 505 n.4 (1954) (coram nobis petition

19  "is a step in the criminal case and not, like habeas corpus where

20  relief is sought in the separate case and record, the beginning of a

21  separate civil proceeding").  The present Petition challenges the

22  rulings of California state courts.  Accordingly, coram nobis relief

23  is unavailable in this federal court.

24  ///

25

26      [1]   Petitioner's citation of the arguably contrary decision
    in Peterson v. State of Missouri, 355 F. Supp. 1371 (W.D. Mo.
27  1973) is unavailing.  See Zuniga v. United Can Co., 812 F.2d 443,
    450 (9th Cir. 1987) ("District courts are, of course, bound by
28  the law of their own circuit.").

Jurisdiction is also unavailable under Rule 60(b).  "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by the United States District Court, it cannot be used to relieve Petitioner of an order, judgment or proceeding issued by a state court. . . ."  <u>Smalling v. State of Arizona</u>, 2009 WL 2177318, at *2 (D. Ariz. July 21, 2009); <u>see</u> <u>Washington-Baltimore Newspaper Guild v. Washington Post Co.</u>, 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts"); <u>see generally</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . .").

If this Court were to construe the present Petition as a Rule 60(b) motion seeking to reopen the judgment in the prior action, this Court would still lack jurisdiction to proceed.  When a purported Rule 60(b) motion contains substantive claims for relief, rather than an attack on the integrity of the prior federal habeas proceeding, the Court must treat the motion as a successive habeas petition.  <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005).  The present Petition contains substantive claims for relief (based on an alleged infirmity in the verdict form given to Petitioner's Superior Court jury in 1997).  The present Petition does not attack the integrity of this Court's 2000 adjudication in the prior action.  Hence, this Court cannot treat the present Petition as a Rule 60 motion directed to the prior action, because the Petition then would have to be construed as a "successive" habeas petition, which this Court could not entertain without authorization from the Ninth Circuit.  <u>See id.</u>; 28 U.S.C. §

2244(b); <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007); <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009).  The Ninth Circuit has denied such authorization.  For the same reason, this Court also could not entertain the present Petition if construed from the outset as a habeas corpus petition.  <u>See id.</u>

### ORDER

     For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

          DATED:  June 1, 2012.

                                   _____
                                        S. JAMES OTERO
                                   UNITED STATES DISTRICT JUDGE

PRESENTED this 31st day of
May, 2012, by:

_____/S/_____
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE